IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL NELSON,

    Plaintiff,

v.

MATRIXX INITIATIVES, INC., a Delaware corporation, ZICAM LLC, an Arizona limited liability company, and DOES 1 through 25,

    Defendants.

No. C 09-02904 WHA

**ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this products-liability action, plaintiff moves for leave to file an amended complaint. For the reasons stated below, plaintiff's motion is **GRANTED**.

## STATEMENT

Plaintiff, an attorney proceeding *pro se*, is a California resident. Plaintiff alleges that "defendant Matrixx Initiatives, Inc. is a Delaware corporation that conducts business in California," and "defendant Zicam LLC is an Arizona limited liability company . . . that conducts business in California" as a wholly-owned subsidiary of defendant Matrixx. Defendants are engaged in the development, manufacture, and marketing of over-the-counter pharmaceuticals, including Zicam Cold Remedy Nasal Gel Swabs and Zicam Cold Remedy Nasal Gel Spray (Compl. ¶¶ 1–3, 8–10).

In 2006, plaintiff used Zicam Cold Remedy Gel Swabs, and in 2008, he used the Zicam Cold Remedy Nasal Gel Spray. In late 2008, plaintiff felt an intense burning in his nostrils, after which he lost his sense of smell. Plaintiff has been informed that this is likely a permanent condition (*id*. at ¶¶ 22–29).

Plaintiff first filed suit in state court in June 2009. The initial complaint alleged claims for (1) defective design, (2) defective product manufacture, and (3) negligence. The action was removed to this district the same month, and then transferred to multidistrict litigation in Arizona in November 2009. In March 2010, an MDL scheduling order issued, requiring that any amendments to the pleadings be filed by April 15, 2010 (Hudson Decl. Exh. B). In November 2011, the suit was transferred back to this district. A case management order issued in December 2011, giving plaintiff until February 29, 2012, to seek leave to add any new pleading amendments (Dkt. No. 29). Plaintiff filed the instant motion on February 21.

Plaintiff's amended complaint removes defendants Does and refers to the two Zicam products by the single term Zicam Cold Remedy Nasal Gel. Plaintiff also adds claims for (1) failure to warn, (2) intentional misrepresentation, (3) false promise, and (4) concealment. With these new claims, plaintiff now seeks punitive and treble damages.

**ANALYSIS**

Under FRCP 15(a)(2), leave to amend should be given when justice so requires. The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This policy "should be applied with extreme liberality." *Ibid*. In the absence of an apparent reason, such as undue delay, bad faith, undue prejudice, or futility of amendment, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has filed a motion for leave to amend, along with a proposed amended complaint, within the time allowed by the case management order. In his amended complaint, plaintiff has removed defendants Does, has clarified that he is referring to both Zicam products throughout his complaint, and brings four new claims.

1    Defendants do not argue that plaintiff has insufficiently pled the new claims.
2 They instead argue that plaintiff did not file amendments by the MDL scheduling order deadline,
3 even though plaintiff timely filed amendments under the case management order. When a suit
4 is transferred from an MDL panel back to a district court, the district court judge has the power
5 to vacate or modify rulings made by the panel, although "doing so in the absence of a significant
6 change of circumstances would frustrate the purpose of centralized pretrial proceedings."
7 MANUAL FOR COMPLEX LITIGATION FOURTH § 20.133 at 225 (2004). Our court of appeals has
8 not spoken on this issue. Defendants raised the issue of the MDL scheduling order in the joint
9 case management statement, which was considered before the case management order issued
10 (Dkt. No. 28 at 6). Despite defendants' arguments, the case management order held that plaintiff
11 could seek leave to amend the complaint by February 29, 2012. This order finds that the parties
12 should adhere to the case management order rather than the MDL scheduling order, even if no
13 significant change of circumstances has occurred since the MDL scheduling order deadline.
14 The goal of efficiently managing pretrial issues through MDL proceedings should not generally
15 be frustrated. Yet in the interests of justice and the strong policy favoring a decision on the
16 merits, plaintiff shall be given leave to amend his complaint.

17    Granting plaintiff leave to amend his complaint would not be prejudicial.
18 *First*, defendants do not contend that these new claims were foreclosed by the MDL.
19 These claims conform to the run of claims in the MDL proceedings, and therefore cause no
20 surprise to defendants. *Second*, the case management order provided ample time for pretrial
21 discovery. *Third*, plaintiff's amended complaint only builds upon what he already stated in his
22 initial complaint. Plaintiff's original complaint stated that defendants failed to warn plaintiff of
23 the products' side effects and that defendants knew the products were defective but willfully
24 disregarded that knowledge (Compl. ¶¶ 18–20, 34–37, 42). In the amended complaint, these
25 statements are broken down into separate claims for failure to warn, intentional
26 misrepresentation, false promise, and concealment.

27    Although defendants have not raised this issue, plaintiff has not sufficiently alleged
28 defendants' citizenship for the purpose of diversity jurisdiction. In his first amended complaint,

3

plaintiff must allege defendant Matrixx's state of incorporation and the state where it has its principal place of business. 28 U.S.C. 1332(c)(1). Plaintiff must also allege the state(s) of which defendant Zicam's owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP, et al.*, 437 F.3d 894, 899 (9th Cir. 2006).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a first amended complaint is **GRANTED**. The answer or motion to dismiss is due in **TWENTY CALENDAR DAYS**. The hearing scheduled for April 5, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 30, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE