IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NELSON,<br><br>            Plaintiff,<br><br>   v.<br><br>MATRIXX INITIATIVES, INC.,<br>a Delaware Corporation, and ZICAM LLC,<br>an Arizona Limited Liability Company,<br><br>            Defendants.<br>                                                                  / | No. C 09-02904 WHA<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>PLAINTIFF'S MOTION<br>TO MODIFY/DISCHARGE/<br>DECLARE NOT APPLICABLE<br>PROTECTIVE ORDER<br>ISSUED IN MDL ACTION** |

**INTRODUCTION**

In this products-liability action, plaintiff moves to modify/discharge/declare not applicable a protective order issued in multidistrict litigation. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiff is an attorney proceeding *pro se.* Defendant Matrixx Initiatives, Inc. and its subsidiary, defendant Zicam LLC, are engaged in the development, manufacture, and marketing of over-the-counter pharmaceuticals, including Zicam Cold Remedy Nasal Gel Swabs and Zicam Cold Remedy Nasal Gel Spray (Compl. ¶¶ 1–3, 8–10).

In 2006, plaintiff used Zicam Cold Remedy Gel Swabs, and in 2008, he used the Zicam Cold Remedy Nasal Gel Spray. In late 2008, plaintiff felt an intense burning in his nostrils,

1  after which he lost his sense of smell. Plaintiff has been informed that this is likely a permanent
2  condition (*id*. at ¶¶ 22–29).

3      Plaintiff first filed suit in state court in June 2009. The action was removed to this
4  district the same month, and then transferred to multidistrict litigation in Arizona in November
5  2009. In February 2010, the MDL court issued a stipulated protective order. The order stated
6  in relevant part (Br. Exh. A at 1–3):

> Consistent with the parties' stipulation regarding confidentiality . . . Persons producing Discovery Material may designate as confidential Discovery Material containing trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information ("Confidential Discovery Material"). Without prejudice to the right of a party to object to the production of the following information or of a party to seek production, the information subject to such designation shall include the producing party's:
>
> (1) Customer names;
>
> (2) Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether previously or currently marketed or under development;
>
> (3) Non-public clinical studies and related documents and other information to the extent not otherwise published or previously released;
>
> (4) Information concerning competitors;
>
> (5) Production information;
>
> (6) Personnel records and information;
>
> (7) Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure;
>
> (8) Personal information of a sensitive nature, including medical records, sensitive financial information and other information which justice requires to protect in order to prevent annoyance, embarrassment or oppression; and
>
> (9) Non-public sales and profits information.

26      In November 2011, the suit was transferred back to this district. Plaintiff filed the instant
27  motion on March 13. Plaintiff appears to make three arguments: (1) the protective order does
28  not apply to his action; (2) if the protective order applies, all documents provided to plaintiff

2

in this action relating to the design, manufacture, testing, and clinical studies for the Zicam products at issue should be removed from the protective order; and (3) if all of these documents are not removed from the protective order, at least those confidential documents provided as exhibits to the instant motion should be removed from the protective order. This order follows full briefing and a hearing.

## ANALYSIS

### 1. VALIDITY OF THE PROTECTIVE ORDER.

Plaintiff argues that the protective order does not apply to him. Plaintiff was not on the service lists that were used to notify all the plaintiffs in the MDL action of the proposed and final protective orders (Nelson Decl. Exh. 6). Also, lead counsel for plaintiffs were not appointed until after the protective order was issued (Br. 16). Plaintiff therefore contends that he was unaware of the protective order and was not represented by lead counsel when the order was agreed upon. Yet the protective order specifically applied to "All Actions" involving Zicam cold remedy products before the MDL court, including plaintiff's pending action (Br. Exh. A at 1). Although the protective order was not signed by plaintiff, the protective order will be adopted and will remain operative as the suit goes forward.

The documents attached to plaintiff's motion will now be addressed.

### 2. DOCUMENTS APPENDED AS EXHIBITS TO PLAINTIFF'S MOTION.

Plaintiff has provided fourteen confidential discovery documents as exhibits (Nelson Decl. Exhs. 15–25, 28–30). During the meet-and-confer process, defendants agreed to remove confidential designations from nine of these documents (Opp. 2, 5). There are five documents attached as exhibits to plaintiff's motion that remain confidential. These include two internal emails and an internal letter regarding studies of the Zicam products at issue, a draft press release from defendants regarding these products, and a draft letter from defendants to the president of the American Rhinologic Society (Nelson Decl. Exhs. 15, 17, 21, 25, 30).

As a general rule, the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). Under FRCP 26(c), however, "[t]he court may, for good cause,

1  issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue
2  burden or expense . . . While courts generally make a finding of good cause before issuing a
3  protective order, a court need not do so where [as here] the parties stipulate to such an order."
4  *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).
5  When a protective order "[i]s a stipulated order and no party ha[s] made a good-cause showing,
6  then the burden of proof . . . remain[s] with the party seeking protection . . . [and this party]
7  has the burden of establishing that there is good cause to continue the protection of the discovery
8  material." *Ibid*. Furthermore, the party seeking to keep documents confidential must make
9  a good-cause showing when the motion to remove those documents from a protective order
10 is attached to a nondispositive motion. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172
11 (9th Cir. 2006). The documents appended to plaintiff's motion will therefore be reviewed under
12 the good-cause analysis.
13 The good-cause analysis proceeds in three steps. *In re Roman Catholic Archbishop*,
14 661 F.3d at 424. *First*, it must be determined whether "particularized harm will result from
15 disclosure of information to the public." *Ibid*. The party seeking nondisclosure "must allege
16 specific prejudice or harm." *Ibid*. *Second*, "if a court concludes that such harm will result from
17 the disclosure of the discovery documents, then it must proceed to balance the public and
18 private interests to decide whether maintaining a protective order is necessary." *Ibid*. *Third*, if
19 information is to be made public, the court should consider the possibility of redacting sensitive
20 and private information, such as addresses and social security numbers, while still disclosing
21 meaningful information. *Ibid*.
22 Defendants have shown no particularized harm in removing confidential status from
23 these five documents, and have therefore not satisfied the first step in the good-cause analysis.
24 Defendants argue that "the burden and expense of litigating the confidentiality of these
25 documents . . . is sufficient grounds to find 'good cause' for keeping the documents
26 confidential . . ." (Opp. 7). This argument is conclusory. A party seeking to keep information
27 confidential can always argue that opposing a motion to release documents from a protective
28

4

order is burdensome, but this general allegation does nothing to show what "specific prejudice or harm" will result from releasing these documents.

Defendants also argue that releasing their draft documents may cause them harm because the public has a tendency to misconstrue incomplete or inaccurate information (*id*. at 12). This is also a conclusory statement that does not meet the requirement that defendants show they would suffer "specific prejudice or harm."

Defendants contend that releasing this information would interfere with their possible future New Drug Application for these products, which were removed from the market by the FDA in 2009 (*ibid*.). Even if this argument shows enough specific harm to pass the first step of the good-cause analysis, under the second step — balancing the private and public interests — this argument fails. Information regarding the possible harmful effects of these Zicam products is exactly the type of information the public should know about, especially if these products will be back on the shelves. The balancing test weighs heavily in favor of releasing this information to the public.

In addressing the third step, the personal cell phone number of Dr. Zmuda shall be redacted (Nelson Decl. Exh. 17 at 1). No other redactions are necessary.

### 3. DOCUMENTS NO LONGER DESIGNATED AS CONFIDENTIAL.

Plaintiff argues that defendants have not honored the protective order. He contends that documents that are in the public domain, such as published articles, are still marked confidential. Pursuant to the protective order, any public documents, as well as any documents that defendants have agreed to remove from the protective order, shall be reproduced with new bates numbers and without confidential markings.

## CONCLUSION

As outlined at the hearing on April 19, 2012: (1) the MDL protective order will remain effective as this suit goes forward; (2) the five documents appended to plaintiff's motion shall be removed from the protective order (Nelson Decl. Exhs. 15, 17, 21, 25, 30); and (3) defendants must adhere to the terms of the MDL protective order and reproduce with new bates numbers and without confidential markings all publicly available documents as well as all documents

5

defendants have agreed to remove from the protective order. Thus plaintiff's motion is **GRANTED** as to those five documents addressed in this order and **DENIED** as to all other documents.

**IT IS SO ORDERED.**

Dated: April 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California