IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. NELSON,<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC., a Delaware Corporation, ZICAM, LLC., an Arizona limited liability company,<br><br>Defendants.<br>_____ / | No. C 09-02904 WHA<br><br>**ORDER GRANTING IN PART MOTION TO STRIKE AND VACATING HEARING** |

In this products-liability action, defendants Matrixx Initiatives, Inc, and Zicam, LLC, move to strike *pro se* plaintiff Michael Nelson's disclosure of himself and Mark Kenny as experts. In 2006, plaintiff used Zicam Cold Remedy Gel Swabs, and in 2008, he used the Zicam Cold Remedy Nasal Gel Spray. In late 2008, plaintiff felt an intense burning in his nostrils, after which he lost his sense of smell. Plaintiff has been informed that this is likely a permanent condition. Plaintiff first filed suit in state court in June 2009. The action was removed to this district the same month, and then transferred to multi-district litigation in Arizona in November 2009. In September 2011, the suit was remanded to this district. The MDL court oversaw common-issue fact and expert discovery and motion practice. Upon remand to this Court, a case management order was put in place (Dkt. No. 29). Pursuant to that order, the last date for designation of expert testimony and disclosure of full expert reports as to any issue on which a party has the burden of proof was May 31, 2012. This case is set for jury trial on September 17, 2012.

1    Plaintiff disclosed himself as a non-retained expert who "may provide testimony at trial
2 that may have some expert nature," listing his qualifications as "a chemical engineer and patent
3 attorney" who will provide expert testimony at trial (Opp. 3; Br. 5). However, according to
4 defendants he did not provide a report or any other information concerning his opinions.
5 (Neither party has submitted a copy of plaintiff's Rule 26 disclosures.) Defendants main
6 argument in support of striking plaintiff's disclosure of himself as an expert is that the MDL
7 court previously excluded the opinions he tried to offer as an expert.

8    In support of his opposition to the motion for summary judgment before the MDL court,
9 plaintiff sought to offer his own expert testimony that "based on the physics of movement, the
10 existence of sound vibrations and magnitude of the velocity and pressure gradients of the air, any
11 liquid material, including gelled material, in the throat and nasal cavity will be atomized and
12 spread throughout the nasal cavity" (Hudson Exh. E at 2). The MDL court excluded the opinion
13 because plaintiff had not been disclosed as an expert by July 15, 2010, the deadline for all expert
14 disclosures on non-case specific issues. Thus, defendants urge this Court to strike plaintiff's
15 designation of himself as an expert on the basis that designation of himself as an expert witness
16 violates the MDL order.

17    According to Rule 26(a)(2), a non-retained expert need not provide a report but his
18 disclosure must state, the subject matter on which he is expected to present evidence and a
19 summary of the facts and opinions to which the witness is expected to testify. In their opening
20 brief, defendants state that plaintiff "did not provide a report or any other information concerning
21 his opinions. Defendants have requested that Plaintiff identify the topics on which he proposes
22 to testify and his only response has been that he will offer opinions on chemistry" (Br. 5).
23 Plaintiff does not address this point in his opposition brief; plaintiff does not argue that
24 defendants are wrong and that he did, in fact, provide defendants with a list of issues on which
25 he seeks to offer expert testimony.

26    The case management order clearly instructed that (Dkt. No. 29 at ¶ 4):

27    At least **28 CALENDAR DAYS** before the due date for opening
    reports, each party shall serve a list of issues on which it will offer
28    any expert testimony in its case-in-chief (including from non-
    retained experts). This is so that all parties will be timely able to

2

>obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

The time for plaintiff to serve a list of issues on which he seeks to offer expert testimony has passed. Plaintiff will not be permitted to offer expert testimony on issues for which he failed to comply with the disclosure requirements of Rule 26 and this Court's case management order. To this extent, the motion to strike is **GRANTED.**

Defendants also seek to strike plaintiff's expert designation of Mr. Kenny as a retained expert on the grounds that such disclosure undermines the purpose of the MDL proceedings. The MDL plaintiffs disclosed Mr. Kenny as an expert on common manufacturing issues. Defendants then filed a *Daubert* motion to exclude the expert report and testimony of Mr. Kenny. The MDL plaintiffs then entered into a stipulation whereby plaintiffs withdrew Mr. Kenny as a testifying expert and the defendants withdrew their *Daubert* motion to exclude the report and testimony of Mr. Kenny (Hudson Exh. B). Mr. Kenny's deposition was taken in the MDL action.

According to defendants' opening brief, plaintiff "did not provide an expert report for Kenny on any issue specific to this case." Therefore, defendants "assume Plaintiff Nelson intends to offer Kenny as an expert based on testimony previously withdrawn" (Br. 5–6). Thus, defendants contend, allowing plaintiff to resurrect a previously withdrawn expert on common issues would undermine the purpose of the MDL proceedings, as the MDL court already ruled on the admissibility of common-issue expert discovery. What is more, defendants contend that Mr. Kenny previously testified in the MDL proceedings that "he had no opinions on matters after 2004," yet plaintiff did not take Zicam Cold Remedy Nasal Gel Spray until December 2008, "years after the facts that formed the basis for Kenny's opinions" (Br. 2). Plaintiff responds that "most of the Standard Operating Procedures for the making of Zicam were adopted in 1999" (Opp. 3).

` There is no indication that plaintiff was notified, consulted, or consented to the withdrawal of Mr. Kenny as an expert. The MDL is not the trial court. This Court controls its own case management and has permitted additional common-issue discovery to supplement such

3

discovery provided for in the MDL court. To the extent that plaintiff has disclosed Mr. Kenny and his expert report in compliance with Rule 26 and this Court's case management order, the motion to strike plaintiff's expert designation of Mr. Kenny is **DENIED**. Of course, Mr. Kenny's expert opinions will still be subject to a motion to exclude, should defendants choose to file such a motion.

The instant motion was set to be heard on July 19, 2012. The parties filed a stipulation and request to shorten the time for hearing so that this motion would be heard before July 5, 2012, the deadline to file *Daubert* motions in this action. No hearing is needed. The request to shorten time for the hearing is **DENIED AS MOOT**. The hearing set for July 19, 2012, is hereby **VACATED**.

## CONCLUSION

For the foregoing reasons, the motion to strike is **GRANTED IN PART**.

**IT IS SO ORDERED.**

Dated: June 25, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4