IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. NELSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MATRIXX INITIATIVES, a Delaware corporation, and ZICAM, LLC, and Arizona limited liability company,<br><br>    Defendants.<br>                                                              / | No. C 09-02904 WHA<br><br>**ORDER ON MOTIONS TO SEAL (Dkt. Nos. 72 and 83)** |

**1.    PLAINTIFF'S MOTION TO SEAL AT DOCKET NUMBER 72.**

Plaintiff Michael D. Nelson moves to file under seal documents appended to his motion for summary judgment and motion for exclusion of evidence and expert testimony. These documents have been designated as confidential by defendants (Dkt. No. 72). Plaintiff states both that "[it] is plaintiff's position that none of the documents covered in this order are appropriate for sealing" and that "plaintiff does not believe any of these documents should be sealed with the exception of Exhibit 35" (Dkt. No. 72 at 2) (Because Exhibit 35 is in the Spanish language, the Court cannot read the document). Pursuant to Civil Local Rule 79-5, the designating party:

> must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

1  No such declaration has been filed by the designating party. Thus, the motion to seal filed at
2  docket number 72 is **DENIED**.

### 2. DEFENDANTS' MOTION TO SEAL AT DOCKET NUMBER 83.

Defendants Zicam, LLC, and Matrixx Initiatives, Inc., move to seal documents appended to their motions for summary judgment and motions to exclude plaintiff's experts. Our court of appeals has held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Motions *in limine* are also part of the trial and must likewise be laid bare absent compelling reasons. Defendants seek to seal documents denoted as Exhibits 31, 63, 70, and 71.

Exhibit 31 is an unpublished study of Dr. Jesús Herranz, titled Study to Determine the Distribution Pattern of a Nasal Gel Using a Radial Design Nasal Acutator (2010). Exhibit 31 is approximately 200 pages, which includes consent forms that are in the Spanish language. Defendant Matrixx seeks to safeguard the proprietary information contained in the Herranz study, which includes proprietary information related to product research. Defendant Matrixx also claims it would be seriously prejudiced by premature disclosure of the Herranz study, which it seeks to publish, because "[m]any journals specifically prohibit the public disclosure of study materials it is considering for publication" (Clarot Decl. ¶¶ 2–4). Plaintiff opposes sealing Exhibit 31 in its entirety. Defendant Matrixx's interest in safeguarding the proprietary information contained in the Herranz study is a compelling reason to seal the Herranz study (bate stamped ZM844985–ZM845002).

Exhibit 31 also contains charts and a drawing (not included in the pages bate stamped ZM844985–ZM845002), which are untitled and unidentified. Defendants point to no basis for sealing these untitled charts and drawing. Finally, the Court is unable to read the remainder of pages in Exhibit 31 because all other pages are in the Spanish language. Certain of the pages that are in the Spanish language contain signatures and names. To the extent that these names and signatures are of patients (as plaintiff suggests), the names and signatures shall be redacted. The motion to seal Exhibit 31, to the extent stated herein, is **GRANTED**.

Defendants have indicated that they seek to seal Exhibits 63, 70, and 71 because plaintiff requested certain of his medical records be kept confidential, but that otherwise, defendants "make no comment regarding the propriety of this request" (Dkt. No. 83). Plaintiff responds that "he does not believe that Exhibits 63, 70, and 71, should sealed [sic]" (Dkt. No. 122). However, plaintiff seeks redaction of the last paragraph of page 6 and first paragraph of page 7 of Exhibit 63 to "remove reference to a medical condition and medication used to treat that condition that are not relevant to this action" (*ibid.*). For compelling reason shown, the last paragraph of page 6 and first paragraph of page 7 of Exhibit 63, shall be redacted. Otherwise, the motion to seal Exhibits 63, 70, and 71 is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE