IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL D. NELSON,

    Plaintiff,

  v.

MATRIXX INITIATIVES, a Delaware corporation, and ZICAM, LLC, an Arizona Limited Liability Company,

    Defendants.

      No. C 09-02904 WHA

**ORDER ON MOTION TO SEAL (Dkt. No. 127)**

      Defendants Matrixx Initiatives, Inc. and Zicam LLC move to file under seal documents submitted in connection with defendants' opposition to plaintiff's motion for partial summary judgment. The documents at issue are Exhibit 31 (Dkt. No. 138-4) and Exhibit 33 (Dkt. No. 141-1) (*see* Index of Evidence, Dkt. No. 132). Exhibit 31 contains an unpublished study of Dr. Jesús Herranz, titled Study to Determine the Distribution Pattern of a Nasal Gel Using a Radial Design Nasal Actuator (2010). It also contains untitled and unidentified charts and drawings, as well as consent forms that are in the Spanish language and include signatures and names. Exhibit 33 contains Christine T. Wood, Ph.D.'s report "address[ing] claims by plaintiff related to the failure to warn about anosmia on Zicam® Cold Remedy Nasal Gel™ spray."

    **1.    DEFENDANTS' MOTION TO SEAL EXHIBIT 31.**

      Defendants previously moved to seal Exhibit 31 (among other exhibits) in relation to their motions for summary judgment and motions to exclude plaintiff's experts (Dkt. No. 83). The order dated July 23, 2012, granted the motion to seal Exhibit 31 as to the unpublished study

and the names and signatures in the pages in the Spanish language (but not as to the untitled and unidentified charts and drawing, or the remainder of the pages in the Spanish language) (Dkt. No. 152). This order finds that the same compelling reasons stated in the July 23 order support sealing Exhibit 31 in relation to defendants' opposition to plaintiff's motion for partial summary judgment. Specific compelling reasons include: "safeguarding the proprietary information contained in the Herranz study" because of potential serious prejudice to Matrixx if premature disclosure of the study results foreclosed its publication opportunity. (*See* Dkt. No. 152; *see also* Dkt. No. 127, citing Clarot Decl., ¶ 3). Accordingly, the motion to seal Exhibit 31, to the extent stated herein, is **GRANTED**.

2. **DEFENDANTS' MOTION TO SEAL EXHIBIT 33.**

Defendants move to seal Exhibit 33, Dr. Wood's report (Dkt. No. 140-1). Plaintiff has designated this report confidential (Dkt. No. 127). Defendants state that they "do not believe this information is confidential as it relates to Plaintiff's medical condition and potential causes of his smell loss" (*ibid.*). Pursuant to Civil Local Rule 79-5, the designating party:

> must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

No such declaration has been filed by the designating party. Thus, the motion to seal Exhibit 33 is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 26, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE