IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL D. NELSON,

    Plaintiff,

  v.

MATRIXX INITIATIVES, a Delaware corporation, and ZICAM, LLC, an Arizona Limited Liability Company,

    Defendants.
                                      /

No. C 09-02904 WHA

**ORDER ON MOTION TO SEAL (Dkt. No. 150)**

      Plaintiff Michael D. Nelson moves to file under seal exhibits 76, 78, 82, 84, 88, 89, 90, 94, 95, 97, 98, and 103, submitted in connection with the declaration of Michael Nelson re documents in opposition to motions by the defendants for summary judgment and to exclude expert testimony, filed July 17, 2012, (Dkt. No. 143, Plaintiff's Exhs.).

      Defendants have designated these materials confidential. Plaintiff contends that nothing in these exhibits would constitute a trade secret, sensitive, or otherwise confidential information (Dkt. No. 150). Defendants filed a responsive declaration arguing that exhibit 88 should remain sealed, but did not address the other exhibits (Dkt. No. 175). Thus, pursuant to Civil Local Rule 79-5, the motion to seal as to exhibits 76, 78, 82, 84, 89, 90, 94, 95, 97, 98, and 103 is **DENIED**.

      Exhibit 88 is a portion of the "Product Master Formula" for Zicam® Cold Remedy No Drip Liquid Nasal Gel from 1999, which includes a cover letter and the two-page formula. The formula includes the ingredients plus the strength, supplier, label quantity, and quantity used to compound for each ingredient, as well as product and packaging specifications. Defendants

1  argue that exhibit 88 should remain sealed because it contains trade secrets and commercially
2  sensitive information. Specifically, "[d]isclosure of the Product Master Formula would reveal
3  the precise product make-up of Zicam, allowing others to make and/or refine similar products"
4  and would thus prejudice Matrixx, which has invested in developing this proprietary information
5  (Clarot Decl. 2). For these reasons, this order agrees with defendants that the product master
6  formula should remain sealed. Plaintiff's argument to the contrary is unavailing. Even if "[t]he
7  product is off the market and cannot be returned to the market without going through the FDA
8  approval process," defendants may seek to obtain such FDA approval in the future (*see* Dkt. No.
9  150 at 3). Thus, the formula derives potential or actual economic value from not being generally
10 known to the public or potential competitors, and therefore may qualify as a trade secret. The
11 motion to seal exhibit 88 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 9, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE