1  Michael D. Nelson
   8 Red Cedar Court
2  Danville, CA 94506
   Telephone (925) 381 8673
3
   Plaintiff pro se
4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. NELSON )<br>                    Plaintiff, )<br>                                  )<br>     vs.                          )<br>                                  )<br>                                  )<br>                                  )<br>MATRIXX INITIATIVES, INC., A )<br>DELAWARE CORPORATION, and )<br>DEFENDANT ZICAM L.L.C., AN ARIZONA )<br>LIMITED LIABILITY COMPANY, )<br>                                  )<br>                    Defendants )<br>                                  )<br>                                  )<br>                                  ) | No.      C09-02904-WHA<br><br>PLAINTIFF'S NOTICE OF MOTION TO SUPPLEMENT PLAINTIFF'S OPPOSITION TO THE DEFENDANTS MOTION TO EXCLUDE WITNESSES AND SUMMARY JUDGMENT<br><br>Date:     Thursday, October 4, 2012<br>Time:    8:00 a.m.<br>Judge:   William H Alsup<br>Courtroom   8 |

     Please Take Notice that on October 4, 2012 at 8:00 a.m. in Courtroom 8 of the above entitled courthouse, located at 450 Golden Gate Ave., San Francisco, CA, or as soon thereafter as the matter may be heard, Plaintiff hereby moves this Court for permission to supplement and file additional opposition papers regarding the Plaintiff's Opposition to the Defendant's Motion to Exclude Witnesses and Summary Judgment which was granted in part and held in abeyance in part in the Court's Opinion filed on August 21, 2012 as document 202.

Plaintiff's Motion To Supplement Record        1                    Case No. 09-02904

This motion is made pursuant to Fed R. Civ P. 60 (a) and (b) (1) and (6).  This motion is based on this notice, memorandum in support of motion, supporting papers and declarations, and all associated papers, the complete files and records of this action, and such other and further arguments as may be adduced at the hearing.

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION

This court issued an order granting in part and holding in abeyance in part the Defendants' Motion to exclude expert witnesses on August 21, 2012 as document 202 (attached to this motion as Exhibit 1.)   The order stated at page 17:

> Dr. Hwang testified that the basis for his opinions on causation were two articles by Dr. Terrence Davidson and his own clinical judgment.  The first problem is that the two articles Dr. Hwang reviewed were given to him by plaintiff.  Dr. Hwang did not do an independent review of scientific studies or research."

The undersigned reviewed the motion by the Defendants to determine the support for the statement that the two articles were given to Dr. Hwang by the plaintiff.  The moving papers did not support that position.  However, a portion of the deposition of Dr. Hwang attached to the Plaintiff's opposition papers as Exhibit 80 did state at page 55:

> Q And if we go back to Exhibit 4, under the title Attending, it says, "As above, typical presentation of
>
> " Zicam-related olfactory loss. Patient advised of poor prognosis. Still some residual olfactory function -- may reassess with future repeating SIT testing. Patient provided two papers by Davidson on Zicam/anosmia link."

It is believed that the court used this paragraph to conclude that the Plaintiff provided the two articles to Dr. Hwang.  Unfortunately, this is an incorrect assumption.   This paragraph was meant to mean that Dr. Hwang provided the two papers to the Plaintiff, not the other way around. For example, one of the preceding sentence states "Patient advised of poor prognosis."  This was meant to mean that the patient **was** advised by Dr.; Hwang of a poor prognosis and not the other

Plaintiff's Motion To Supplement Record            2                        Case No. 09-02904

way around.  Similarly, the statement "Patient provided two papers …." meant that the patient **was** provided with the two papers.   This is further illustrated in other portions of Dr. Hwang's deposition that was not included in Exhibit 80, but is attached hereto as Exhibit 2 at pages 46-48:

> Q Is it based on anything else?
>
> A Well, there is peer-review literature to indicate a characteristic presentation of a zinc gluconate related smell disturbance, which includes burning associated with sniffing of the zinc gel, followed by subsequent loss of the sense of smell.
>
> Q And those are all case reports; is that correct?
>
> A I believe so, but a -- it's a case series.
>
> Q Right. So it's a case series, but it's people reporting smell loss in association with use of Zicam; correct?
>
> A Correct.
>
> Q And what peer-review literature are you aware of?
>
> A Well, there are -- I have two papers that I have here, and these are two papers that I have reviewed.
>
> **Q And when did you review those papers?**
>
> **A When they came out.**
>
> MR. HUDSON: And the two papers that you've produced here today, let's just mark them as Exhibits.
>
> MR. NEIBERGER: 5 and 6? Or do you want to do just one exhibit?
>
> MR. HUDSON: Let's do 5 and 6.
>
> MR. NEIBERGER: Okay.
>
> (Exhibit 5 and Exhibit 6 were marked for identification by the court reporter and are attached hereto.)
>
> BY MR. HUDSON:
> Q Doctor, the literature that you produced today, one which has been marked as Exhibit 5 is the Intranasal Zinc and Anosmia: The Zinc-Induced Anosmia Syndrome; and, as Exhibit 6, The Bradford Hill Criteria and Zinc-Induced Anosmia. **And it was your testimony that you read these materials when they came out; is that correct?**

**A Yes.**

**Q  Other than -- well, let me ask you this. How is it that you came to learn of these articles?**

**A.  Presentations at meetings. And I subscribe to these journals.**
   Emphasis added.

This is also illustrated in the deposition of Michael Nelson at page 133-134, attached hereto as Exhibit 3.

Q. Did you give Dr. Hwang articles regarding Zicam?

A. No.

Q. You didn't give him two articles written by Dr. Davidson?

A. No.

Q. Do you have any reason to doubt two medical records that say you gave Dr. Hwang two articles from Dr. Davidson?

A. What did you say?

Q. Do you have any reason to doubt medical records stating that you gave Dr. Hwang two articles from Dr. Davidson?

A. Yeah, I would doubt it.

 Apparently, the defendants interpreted the medical record the same way that this court did, but abandoned that position when they took the deposition of Dr. Hwang and discovered that it was Dr. Hwang who gave the articles to the plaintiff.    It is respectfully requested that the Court grant the Plaintiff's motion to supplement his opposition in this regard.

Dated August 24, 2012                              _____/s/ Michael Nelson_____
                                                                      Michael D. Nelson
                                                                       Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2012, the Plaintiff's Notice of Motion To Supplement Opposition Papers, Declaration of Michael Nelson in Support of Motion, and Proposed Order on Motion File Supplemental Opposition Papers was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                        __/s/ Michael D Nelson_____
                                            Michael D Nelson, Plaintiff Pro Se