IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL D. NELSON,

    Plaintiff,

  v.

MATRIXX INITIATIVES, INC., a
Delaware Corporation, ZICAM, LLC,
an Arizona limited liability company,

    Defendants.

No. C 09-02904 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S RULE 60 MOTION**

## INTRODUCTION

In this product-liability action, plaintiff moves pursuant to Rule 60 to correct a factual mistake in an earlier order. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The background facts have been described in the August 21 order. Briefly, plaintiff Michael D. Nelson, a lawyer, proceeding *pro se*, claims loss of his sense of smell and taste resulting from his use of Zicam Cold Remedy Nasal Gel swabs and spray, a homeopathic cold remedy. Plaintiff sought to rely on the expert opinions of Dr. Greg Davis and Dr. Peter Hwang to meet his prima facie burden of showing general and specific causation. Defendants moved for summary judgment and to exclude testimony of both doctors, under *Daubert*, for lack of

proof as to specific causation (Dkt. No. 202). The August 21 order granted defendants' motion to exclude both doctors.

In the instant motion, plaintiff asserts that this Court made a factual error pertinent to Dr. Hwang's qualification to give expert testimony. Plaintiff moves to correct a factual mistake in the August 21 order. To redress the error, plaintiff seeks permission to supplement and file as exhibits the appended portions of his and Dr. Hwang's depositions. Plaintiff contends, with little explanation or analysis, that he is entitled to relief under three provisions of Rule 60. This order deals with each provision in turn.

**ANALYSIS**

**1. RULE 60(a).**

Under Rule 60(a), "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule provides for correction of clerical errors or oversights, and does not contemplate correction of substantive mistakes. Our court of appeals has stated:

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind, either because it made a legal or *factual mistake* in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)(quotations omitted and emphasis added). Moreover, "[a] judge may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court, plus the necessary implications. Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." *Ibid* (internal citations omitted).

Plaintiff alleges that this Court made a factual error in its August 21 order. Factual errors, however, are not the clerical errors or oversights remedied by Rule 60(a). Our court of appeals, noted that factual errors are not correctable by Rule 60(a). *Ibid*. Factual errors, however, may be brought under Rule 60(b)(1). Accordingly, plaintiff's Rule 60(a) motion is **DENIED**.

2

**2.    RULE 60(b)(1).**

    **A.    Factual Mistake.**

Under Rule 60(b)(1), the court may relieve a party from a judgment or order for reason of mistake, inadvertence, surprise, or excusable neglect. The words mistake and inadvertence "may include mistake and inadvertence by the judge." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Plaintiff identifies the italicized finding in the August 21 order as a factual error:

> Dr. Hwang testified that the basis for his opinions on causation were two articles by Dr. Terrence Davidson and his own clinical judgment. The first problem is that *the two articles Dr. Hwang reviewed were given to him by plaintiff. Dr. Hwang did not do any independent review of scientific studies or research*

(Dkt. No. 202 at 17) (emphasis added). Plaintiff asserts that it was Dr. Hwang who provided plaintiff with the articles and not the other way around. Plaintiff believes that this error was a result of the Court misconstruing the following from Dr. Hwang's deposition:

> Q.    And if we go back to Exhibit 4 [the medical record], under the title Attending, it says, As above, typical presentation of Zicam-related olfactory loss. Patient advised of poor prognosis. Still some residual olfactory function – may reassess with future repeating SIT testing. *Patient provided two papers by Davidson on Zicam/anosmia link*

(Dkt. No. 143-3 at 55). Plaintiff appends portions of Dr. Hwang's deposition, which were already included in the record, to support his contention that this Court made a factual error:

> Q.    And what peer-review literature are you aware of?
>
> A.    Well, there are – I have two papers that I have here, and these are two papers that I have reviewed.
>
> Q.    And when did you review those papers?
>
> A.    When they came out?
>
> Q.    Other than – well, let me ask you this. *How is it that you came to learn of these articles?*
>
> A.    *Presentations at meets. And I subscribe to these journals*

3

(Dkt. No. 143-3 at 46–48) (emphasis added). Plaintiff also appends portions from his deposition, which have not been identified in the record, to support his contention that a factual error was made:

> Q. *Did you give Dr. Hwang articles regarding Zicam?*
>
> A. *No.*
>
> Q. You didn't give him two articles written by Dr. Davidson?
>
> A. No.
>
> Q. *Do you have any reason to doubt two medical records that say you gave Dr. Hwang two articles from Dr. Davidson?*
>
> A. *Yeah, I would doubt it*

(Mot. 4) (emphasis added). This order finds that the August 21 order placed too much stock in Dr. Hwang's ambiguous notes and did not properly consider it along with Dr. Hwang's deposition testimony that he learned of the articles from meetings and his subscription to the journals. Accordingly, the relevant portions of the August 21 order, 17: 5–6 and 16–20, are so **STRICKEN**.

Furthermore, plaintiff may file as an exhibit the portions of his deposition that he appended to this instant motion to correct the factual error. The portions from Dr. Hwang's deposition may not (and need not) be filed because they are already contained in the record (*see* Dkt. No. 143-3 at 46–48).

### B. Relief from Judgment or Order.

This order now determines whether striking the portions identified above requires plaintiff to be relieved from the August 21 order with regard to excluding Dr. Hwang's testimony. The August 21 order applied the *Daubert* standard to determine if Dr. Hwang's expert opinion on the issue of specific causation is admissible. The order excluded Dr. Hwang opinions on specific causation because it found that "Dr. Hwang's weak qualifications to offer an opinion on the cause of plaintiff's anosmia coupled with unsupported speculation and unreliable methodology make his opinion on the issue of specific causation unreliable" (Dkt. No. 202 at 16).

4

As the August 21 order discussed, Rule 702 governs the admissibility of expert opinions and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Courts must ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 589 (1993). The expert's opinion must be based on scientific knowledge; opinions based on unsubstantiated generalizations or opinions not derived by the scientific method must be excluded. *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1316 (9th Cir. 1995).

The finding that Dr. Hwang, an otolaryngologist who diagnoses ear, nose, and throat conditions, is unqualified to make opinions on the specific causation issue is unaffected by the factual error that is now stricken. What was true then is just as true now — Dr. Hwang does not possess the relevant skill, knowledge, or training to render such an opinion on the cause of plaintiff's smell loss. As discussed in the August 21 order, "he has no specialized epidemiological or toxicological training or credentials" and "has never studied zinc gluconate, the active ingredient in Zicam or Zicam itself" (Dkt. No. 202 at 17). The fact that Dr. Hwang learned of the two articles on his own does not redeem his weak qualifications.

With regard to reliability, the factual error also does not affect the finding that Dr. Hwang testimony is unreliable. While it is true that the order relied in part on the factual error, the order stated — "[b]ut there is another reason to doubt the reliability of Dr. Hwang's opinion" — and in fact, the order stated two additional reasons (Dkt. No. 202 at 17).

*First*, the order stated:

> The MDL court held that Dr. Davidson's case series, one of the Davidson studies Dr. Hwang relied on, is not admissible evidence of causation and excluded all opinions to the extent that they were based on the Davidson study. This Court will not readjudicate the MDL court's ruling. Neither has plaintiff rebutted the unreliability of Dr. Davidson's case studies

5

(Dkt. No. 202 at 17). It is clear that the manner in which Dr. Hwang received the articles is unimportant because the Davidson study is unreliable and plaintiff did not rebut this point.

*Second*, the order stated that Dr. Hwang's scientific methods were unreliable because he did not adequately apply the differential diagnosis method. "An 'expert must provide reasons for rejecting alternative hypotheses using scientific methods and procedures and the elimination of those hypotheses must be founded on more than subjective beliefs or unsupported speculation'" (Dkt. No. 202 at 17–8). The order found that Dr. Hwang did not point to reliable evidence to rule out different causes for smell loss like the cold virus and old age. Accordingly, the stricken portions do not affect the August 21 order's finding that Dr. Hwang's opinion is unreliable.

Because striking the relevant portions of the August 21 order does not affect its outcome, plaintiff's request to be relieved from that order is **DENIED**.

### 3. RULE 60(b)(6).

In what can only be described as a last-ditch attempt, plaintiff cites Rule 60(b)(6) with no explanation or analysis to support its application in this action. Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." This so-called catch-all provision:

> applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.

*Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). Because this order finds that the factual error falls under Rule 60(b)(1), the catch-all provision does not apply. Even if it were to apply, however, the factual error would not result in manifest injustice because it would not change the outcome of the August 21 order. Accordingly, plaintiff's Rule 60(b)(6) motion is **DENIED**.

### CONCLUSION

For the reasons mentioned above, the Rule 60 motion is **GRANTED IN PART**, to the extent that it strikes the portions described herein and allows plaintiff to file the appended portions of his deposition described herein, and otherwise **DENIED**. This order in no way questions the

6

1 ruling to exclude Dr. Hwang's expert testimony nor does it suggest that the Court's reading of
2 the record was unreasonable but there is no harm in clarifying the record since the result is the
3 same.

**IT IS SO ORDERED.**

Dated: October 4, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7