IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. NELSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MATRIXX INITIATIVES, INC., a<br>Delaware Corporation, ZICAM, LLC,<br>an Arizona limited liability company,<br><br>    Defendant.<br>                                     / | No. C 09-02904 WHA<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT BASED<br>ON LACK OF PROOF OF<br>CAUSATION** |

        Defendants Matrixx Initiatives, Inc. and Zicam, LLC filed a motion for summary judgment of all claims based on lack of evidence regarding causation and motions to exclude plaintiff's experts, Dr. Greg Davis and Dr. Peter Hwang. By order dated August 21, 2012, defendants' motions to exclude plaintiffs' two experts were granted. Drs. Davis and Hwang were the only experts plaintiff put forth on the issue of specific causation.

        The August order excluded Dr. Davis's opinions on *Daubert* grounds, but allowed for leave to amend the expert report. Plaintiff did not amend by the September 4 deadline, and stated at the September 6 status conference that he did not intend to submit any revised report. As plaintiff has not submitted a revised expert report, Dr. Davis's expert report and testimony are excluded.

        The August order also excluded Dr. Hwang's opinion on *Daubert* grounds. Plaintiff moved pursuant to Rule 60 to correct a factual mistake in the order and supplement the record. Following briefing and a full hearing, an order issued granting relief only as to striking certain portions of the August order related to excluding Dr. Hwang's opinion and allowing plaintiff to

1  file a portion of plaintiff's deposition testimony. In so doing, the Court stated that "[t]his order
2  in no way questions the ruling to exclude Dr. Hwang's expert testimony nor does it suggest that
3  the Court's reading of the record was unreasonable but there is no harm in clarifying the record
4  since the result is the same" (Dkt. No. 215 at 6-7).

The parties dispute the effect of granting defendants' motion for summary judgment. In response to a request that the parties clarify whether any of the multiple motions for summary judgment would be dispositive of the case, defendants said it would dispose of all claims. On the other hand, plaintiff contended that defendants' motion for summary judgment would not dispose of all claims because the MDL orders established direct causation, and plaintiff put forth admissible evidence establishing specific causation (Dkt. No. 126 at 2). As set forth in the August order, plaintiff has not. Because plaintiff has set forth no admissible expert testimony on the issue of specific causation, a necessary element for each of plaintiff's claims, defendants' motion for summary judgement as to all claims based on lack of evidence regarding causation is **GRANTED**. As explained in the August order, plaintiff may not rely on the MDL court's orders to supply proof of specific causation. "Even assuming there is a triable issue on general causation, this does not create a genuine issue on specific causation. This is because there is a difference between determining whether scientific evidence supports an inference that the alleged exposure is capable of causing the type of injury in humans versus whether it was the most likely cause of the alleged injury in plaintiff" (Dkt. No. 202 at 19). "To prevail on his alleged claims, plaintiff must show a causal link between his alleged injury, anosmia, and his use of Zicam . . . Causation must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case" (*id.* at 7-8) (citations and internal quotations omitted).

Plaintiff also argues that "in addition to personal injuries, the Plaintiff has also alleged damages associated with the purchase of the Zicam product. Defendants' motion does not address these damages or the causation of these damages" (Dkt. No. 126 at 2). Defendants argue that plaintiff failed to allege any particular injuries or damages relating to the efficacy of Zicam and has not disclosed any experts on efficacy (Dkt. No. 125 at 2). In the order on defendants'

2

motion to dismiss plaintiff's first amended complaint, the Court stated that assertions in the first amended complaint regarding "reduction of cold symptoms appear unrelated to plaintiff's alleged injury, which is not alleged to have resulted from the products' failure to reduce the severity of plaintiff's cold" (Dkt. No. 56 at 6). In his second amended complaint, plaintiff does not address this deficiency at all. Nowhere in the second amended complaint does plaintiff allege any injury due to Zicam's failure to reduce his cold symptoms or the severity of plaintiff's cold. Instead, the allegations are directed at plaintiff's alleged loss of smell and taste. Plaintiff cannot now at the eleventh hour attempt to save his complaint by injecting new arguments not sufficiently pled in the operative complaint.

As the summary judgment motion disposes of all claims, all pending motions are hereby terminated as **MOOT**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 10, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3